## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

MEMORIAL HERMANN
HEALTHCARE SYSTEM,

               *Plaintiff,*

        v.

STATE STREET BANK AND TRUST
COMPANY; STATE STREET GLOBAL
ADVISORS, INC.; and CAMBRIDGE
FINANCIAL SERVICES, INC.,

               *Defendants.*

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Cambridge Financial Services, Inc. ("Cambridge") hereby removes this case, instituted by Plaintiff, Memorial Hermann Healthcare System ("Memorial Hermann"), from the District Court of Harris County, Texas, to this Court, without waiver of any defenses, procedural or substantive, and without waiver of any counterclaims. Cambridge alleges the following bases for removal:

1.     Memorial Hermann commenced this action by filing a Complaint in the District Court of Harris County, Texas, on November 5, 2007 against Cambridge, State Street Bank and Trust Company ("State Street Bank"), and State Street Global Advisors, Inc. ("SSgA"). A copy of the Complaint is attached to this Notice as Exhibit A.

2.     On November 5, 2007, counsel for Memorial Hermann sent the Complaint to counsel for Cambridge via electronic mail, providing Cambridge with its first notification of this action. A copy of the electronic mail is attached to this Notice as Exhibit B. Service of the Complaint on Cambridge was attempted by mail on November 19, 2007.

3.      In its Complaint, Memorial Hermann alleges that it is a not-for-profit, community-owned healthcare system with its principal place of business in Texas.  (*See* Ex. A ¶ 2.)  Memorial Hermann is organized under the laws of the State of Texas.  Therefore, for purposes of this Court's diversity jurisdiction, Memorial Hermann is a citizen of Texas.

4.      In its Complaint, Memorial Hermann alleges that State Street Bank is a bank organized under the laws of Massachusetts with its principal place of business in Massachusetts.  (*See* Ex. A ¶ 3.)  In truth, State Street Bank is a trust company organized under the laws of Massachusetts with its principal place of business in Massachusetts.  Therefore, for purposes of the Court's diversity jurisdiction, State Street Bank is a citizen of Massachusetts.

5.      In its Complaint, Memorial Hermann alleges that SSgA is a Delaware corporation with its principal place of business in Massachusetts.  (*See* Ex. A ¶ 4.)  Therefore, for purposes of the Court's diversity jurisdiction, SSgA is a citizen of Delaware and Massachusetts.

6.      Cambridge is a Connecticut corporation with its principal place of business in Connecticut.  (*See* Ex. A ¶ 5.)  Therefore, for purposes of the Court's diversity jurisdiction, Cambridge is a citizen of Connecticut.

7.      Memorial Hermann's Complaint concerns its investment in the State Street Limited Duration Bond Fund.  Memorial Hermann alleges that, in January 2003, Cambridge contracted "to provide certain financial advisory services to Memorial Hermann," and that, "in January 2005, Memorial Hermann, upon the advice of Cambridge, entered into an 'Agreement of Trust,' pursuant to which State Street Bank served as Trustee of nearly $91,000,000 of Memorial Hermann's assets . . . ."  (*See* Ex. A ¶¶ 7-8.)  Memorial Hermann further alleges that State Street Bank invested these assets in the State Street Limited Duration Bond Fund, which is managed by SSgA.  (*See* Ex. A ¶ 11.)

8.    The alleged losses at issue in Memorial Hermann's Complaint include the loss of the value of the assets invested in the State Street Limited Duration Bond Fund. (*See* Ex. A ¶¶ 17, 19, 22, 24.) According to Memorial Hermann, the State Street Limited Duration Bond Fund "lost about 37% of its value during the first three weeks of August 2007" and "had fallen by 42% for the year by August 21, 2007." (*See* Ex. A ¶ 13.) Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

9.    As relief, Memorial Hermann seeks, among other things, "[d]isgorgement of all compensation received by Defendants pursuant to their relationship with Plaintiff." (*See* Ex. A, *Prayer for Relief*, ¶ 5.) The compensation received by Cambridge pursuant to its relationship with Memorial Hermann exceeds $75,000. Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10.    Therefore, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the dispute is between citizens of different states, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.    All other Defendants to this action consent to the removal of this case to this Court. (*See* Ex. C, Consent Form of State Street Bank and Trust Company; Ex. D, Consent Form of State Street Global Advisors, Inc.)

12.    This notice is being filed within 30 days of November 5, 2007, the date on which Cambridge first learned of this action, and within 30 days of November 19, 2007, the date on which Memorial Hermann attempted to serve Cambridge with the Complaint.

13.    Memorial Hermann demanded a jury in the state court action.

14.    The Complaint is attached to this Notice as Exhibit A. All other papers filed in state court are attached to this Notice as Exhibit E.

15.     In accordance with 28 U.S.C. § 1446(d), Cambridge has given contemporaneous written notice of this Notice of Removal to all parties and to the Clerk of the District Court of Harris County, Texas.  (*See* Ex. F. Notice of Filing of Notice of Removal.)

WHEREFORE, Cambridge respectfully requests that this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

Dated: December 3, 2007

Larkin C. Eakin, Jr.
State Bar No. 06335430

COZEN O'CONNOR
One Houston Center
1221 McKinney Street
Houston, Texas  77010
Tel. No. 832.214.3900
Fax. No. 832.214.3905

*Of Counsel:*
George M. Gowen III
Stuart A. Weiss
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215.665.2000 (tel.)
215.665.2013 (fax)

*Attorneys for Defendant*
*Cambridge Financial Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served via first-class United States mail, postage prepaid, this 3rd day of December, 2007, upon the following:

> Charles R. Parker, Esquire
> Locke Lord Bissell & Lidell LLP
> 3400 J.P. Morgan Chase Tower
> 600 Travis
> Houston, TX 77002-3095
>
> Russell S. Post
> Geoff A. Gannaway
> Beck, Redden & Secrest, LLP
> 1221 McKinney Street, Suite 4500
> Houston, TX 77010-2010
>
> *Attorneys for Plaintiff Memorial Hermann Healthcare System*
>
> Robert A. Skinner, Esquire
> Ropes & Gray LLP
> One International Place
> Boston, MA 02110
>
> *Attorneys for State Street Bank and Trust Company and State Street Global Advisors, Inc.*

Larkin Eakin

Exhibit A

# LOCKE LORD BISSELL & LIDDELL LLP

### ATTORNEYS & COUNSELORS

3400 JP Morgan Chase Tower
600 Travis
Houston, TX 77002-3095

ATLANTA • AUSTIN • CHICAGO • DALLAS • HOUSTON • LONDON
LOS ANGELES • NEW ORLEANS • NEW YORK • SACRAMENTO
WASHINGTON, D.C.

Phone: (713) 226-1200
Fax: (713) 223-3717
www.lockelord.com

November 5, 2007

# 2007-67934

Re:     Cause No. _____; *Memorial Herman Healthcare System v. State Street Bank and Trust Company, et al.;* In the *201* Judicial District Court of Harris County, Texas

Theresa Chang
Harris County District Clerk
201 Caroline Street
Houston, Texas 77002

**By Hand Delivery**

Dear Ms. Chang:

In connection with the above-referenced matter, please find the following:

- **Original and five (5) copies of Plaintiff's Original Petition;**
- **Check in the amount of $263.00 ($197.00 filing fee, $36.00 for three (3) citations, and $30.00 jury fee).**

Once the citations have been prepared please call me at 713-226-1469. Please file-stamp the extra copy and return it to the messenger before you. Thank you for your courtesies and please feel free to call if you have any questions.

Very truly yours,

Charles R. Parker

Enclosures

cc:   Russell S. Post

Theresa Chang
November 5, 2007
Page 2


Geoff A. Gannaway
Beck, Redden & Secrest, LLP
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
(w/encls.)

**2 0 0 7 - 6 7 9 3 4**

CAUSE NO. _____

| | | |
|---|---|---|
| MEMORIAL HERMANN HEALTHCARE SYSTEM | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL ADVISORS, INC.; and CAMBRIDGE FINANCIAL SERVICES, INC. | § § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § | _221_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MEMORIAL HERMANN HEALTHCARE SYSTEM files this Original Petition against STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL ADVISORS, INC., and CAMBRIDGE FINANCIAL SERVICES, INC., and, in support thereof, would respectfully show the Court the following:

### DISCOVERY LEVEL 2

1.     Discovery is intended to be conducted under Level 2 of TEX. R. CIV. P. 190.

### PARTIES

2.     Plaintiff MEMORIAL HERMANN HEALTHCARE SYSTEM ("Memorial Hermann") is a not-for-profit, community-owned healthcare system with its principal place of business in Houston, Harris County, Texas.

3.     Defendant STATE STREET BANK AND TRUST COMPANY ("State Street Bank"), which does business under the name "State Street Bank," is a wholly owned subsidiary of State Street Corporation, a publicly registered financial holding company. State Street Bank is

a bank organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Boston, Massachusetts. State Street Bank provides investment servicing and investment management services; as of June 30, 2007, it had $1.9 trillion of assets under management. State Street Bank has registered as a "foreign corporate fiduciary" in Texas, and Memorial Hermann hereby serves the Secretary of State of the State of Texas pursuant to the TEX. PROBATE CODE § 105A(b), and asks that the Texas Secretary of State serve Defendant STATE STREET BANK AND TRUST COMPANY through its designated agent for service of process, Eric P. Hayes, Chief Fiduciary Officer and Senior Trust Counsel, c/o State Street Bank and Trust Company, P.O. Box 351, MA03, Boston, MA 02110.

4.      Defendant STATE STREET GLOBAL ADVISORS, INC. ("SSgA") (this Petition will refer to State Street Bank and SSgA collectively as "State Street"), a wholly-owned subsidiary of State Street Corporation, is a Delaware corporation with its principal place of business in Boston, Massachusetts. SSgA has described itself both as "a division" of State Street Bank and as the "investment arm" of State Street Corporation.  SSgA is a foreign corporation that is engaged in business in the State of Texas, but does not maintain a regular place of business in the State of Texas and does not maintain a designated agent for service of process in the State of Texas.  This proceeding arises out of SSgA's business in this state, and Memorial Hermann hereby serves the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.044, and asks that the Texas Secretary of State serve Defendant STATE STREET GLOBAL ADVISORS, INC. through its president or any vice-president at its home office, located at State Street Financial Center, One Lincoln Street, Boston, Massachusetts, 02111-2900, via certified mail, return receipt requested.

5.     Defendant CAMBRIDGE FINANCIAL SERVICES, INC. ("Cambridge") is a Connecticut corporation, with its principal place of business in Greenwich, Connecticut. Cambridge provides investment advisory services. Cambridge is a foreign corporation that is engaged in business in the State of Texas, but does not maintain a regular place of business in the State of Texas and does not maintain a designated agent for service of process in the State of Texas. This proceeding arises out of Cambridge's business in this state, and Memorial Hermann hereby serves the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.044, and asks that the Texas Secretary of State serve Defendant CAMBRIDGE FINANCIAL SERVICES, INC. through its president or any vice-president at its home office, located at 83 Mason Street, Greenwich, Connecticut 06830, via certified mail, return receipt requested.

## JURISDICTION AND VENUE

6.     The amount in controversy in this lawsuit is within the jurisdictional limits of this Court. Venue is appropriate in Harris County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), or, in the alternative, TEX. CIV. PRAC. & REM. CODE § 15.002(a)(4).

## FACTUAL BACKGROUND

7.     In January of 2003, Cambridge contracted to act as Memorial Hermann's agent and to provide certain financial advisory services to Memorial Hermann. Among other things, Cambridge was to monitor Memorial Hermann's investments, as well as to assist with the selection and replacement of fund managers that handled Memorial Hermann's investments. Immediately prior to the time of contracting, Ernest A. Liébré, the Managing Director of Cambridge, orally represented to Memorial Hermann that he and Cambridge would serve as "co-

fiduciaries" of Memorial Hermann's investments. These investments are in different accounts covering endowments, pension funds, and operating funds.

8.   In January of 2005, Memorial Hermann, upon the advice of Cambridge, entered into an "Agreement of Trust," pursuant to which State Street Bank served as Trustee of nearly $91,000,000 of Memorial Hermann's assets, which were in the accounts for the System Operating Funds and The Health Professionals Insurance Company, Ltd. (HePIC). The initial number of shares purchased was 7,067,910.523 for its System Operating Funds. Subsequently, Memorial Hermann acquired additional shares for the System Operating Funds as follows:

| DATE | ADDITIONAL SHARES |
| --- | --- |
| March 2005 | 125,799.015 |
| June 2005 | 112,548.590 |
| September 2005 | 125,961.399 |
| December 2005 | 115,841.651 |
| March 2006 | 115,018.665 |
| May 2006 | 444,123.115 |
| June 2006 | 125,551.592 |
| September 2006 | 130,213.603 |
| December 2006 | 132,435.367 |
| March 2007 | 123,804.999 |
| June 2007 | 126,178.916 |
| September 2007 | 631,065.443 |

9.   The acquisition of shares for the HePIC account occurred as follows (amounts in parentheses represent the sale of shares):

| DATE | ADDITIONAL SHARES |
| --- | --- |
| September 2005 | 1,473,052.653 |
| December 2005 | 22,581.552 |
| March 2006 | 88,842.567 |
| May 2006 | 63,436.305 |
| June 2006 | 25,338.785 |
| July 2006 | (722.780) |
| August 2006 | (67,637.340) |
| September 2006 | 24,715.732 |
| November 2006 | 163,019.807 |
| December 2006 | 27,532.554 |

| March 2007 | 25,315.853 |
| June 2007 | 26,800.176 |
| August 2007 | (27,960.126) |
| September 2007 | 132,679.502 |

10.  The Agreement of Trust recited a conservative investment objective: "to match or exceed the return of the J.P. Morgan one month U.S. Dollar Libor Index."  State Street represented to both Memorial Hermann and Cambridge in its capacity as Memorial Hermann's agent that State Street would make low-risk investments that would preserve Memorial Hermann's capital.  These representations were repeated before and after Memorial Hermann invested with State Street, and continued until the investment dropped precipitously.

11.  State Street Bank invested the money it held in trust for Memorial Hermann in State Street Limited Duration Bond Fund, which is managed by SSgA.

12.  The State Street Limited Duration Bond Fund was created in 2002 as a way to generate better results than those of money-market funds with only slightly more risk. The fund was widely considered an "enhanced cash" product, an investment category usually considered very low risk.  It was sold only to institutional clients, not individual investors.

13.  The State Street Limited Duration Bond Fund lost about 37 percent of its value during the first three weeks of August 2007.  The fund had fallen 42 percent for the year by August 21, 2007.

14.  These precipitous losses in a short-term income fund required to preserve capital were the result of unjustified investments in mortgage-related securities without diversification and using derivatives, all contrary to the stated Investment Objectives and representations to Memorial Hermann.  The State Street fund managers intentionally and recklessly invested the funds in a high-risk portfolio consisting of long term mortgages which were combined in instruments called Special Investment Vehicles (SIV). These actions by the State Street fund

managers were contrary to the stated "Investment Objectives" requiring preservation of "capital by investing in a diversified portfolio of highly rated fixed income securities." These investments in high-risk, long-term mortgage instruments were made by the State Street fund managers even though they knew that the stated objective of this fund called "The Limited Duration Bond Fund" was for short-term, fixed-income investments to be measured by "the returns of the JP Morgan one-month US Dollar LIBOR Index over trailing one-year periods."

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AGAINST STATE STREET

15.    Plaintiff incorporates paragraphs 1-14 of this Petition as if fully set forth herein.

16.    On or about January 14, 2005, State Street contracted with Memorial Hermann to serve as Trustee of Memorial Hermann funds, and to invest with the objective "to match or exceed the return of the J.P. Morgan one month U.S. Dollar Libor Index." Execution and delivery of the contract by State Street and Memorial Hermann formed a binding contract.

17.    By making unjustified investments in high-risk, long-term mortgage instruments without diversification and by using derivatives, State Street breached the terms of the Agreement of Trust.

18.    Memorial Hermann fully performed its contractual obligations, and all conditions precedent to Memorial Hermann's claim for relief have been performed or have occurred.

19.    Memorial Hermann has been substantially injured by State Street's breaches of contract. This injury was a natural, probable, and foreseeable consequence of State Street's breaches.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT AGAINST CAMBRIDGE

20.    Plaintiff incorporates paragraphs 1-19 of this Petition as if fully set forth herein.

21.     On or about January 29, 2003, Cambridge contracted with Memorial Hermann to provide financial advisory services. Execution and delivery of the Financial Advisory Services Proposal by Cambridge and Memorial Hermann formed a binding contract.

22.     By recommending State Street to manage Memorial Hermann's assets, and by failing to discover and to inform Memorial Hermann that State Street was making unjustified investments in high-risk, long-term mortgage instruments without diversification and using derivatives, Cambridge breached the terms of the Financial Advisory Services Proposal.

23.     Memorial Hermann fully performed its contractual obligations, and all conditions precedent to Memorial Hermann's claim for relief have been performed or have occurred.

24.     Memorial Hermann has been substantially injured by Cambridge's breaches of contract. This injury was a natural, probable, and foreseeable consequence of Cambridge's breaches.

25.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq.*, Memorial Hermann is entitled to attorneys' fees.

### THIRD CAUSE OF ACTION:
### FRAUD AND FRAUDULENT INDUCEMENT AGAINST STATE STREET

26.     Plaintiff incorporates paragraphs 1-25 of this Petition as if fully set forth herein.

27.     In order to induce Memorial Hermann to contract with it, State Street made material misstatements and misrepresentations to Memorial Hermann and to Cambridge in its capacity as Memorial Hermann's agent. Among other things, State Street represented that the Investment Objective of the Limited Duration Bond Fund would be "to maximize income while preserving capital by investing in a diversified portfolio of highly rated fixed income securities," when in fact the funds were invested in high-risk, long-term mortgage instruments without diversification, which resulted in substantial losses.

28.     State Street made these statements despite the fact that it knew that the statements were false or made the statements recklessly without any knowledge of the truth as to the assertions.

29.     Memorial Hermann would not have contracted with State Street but for these representations.

30.     Memorial Hermann justifiably relied on State Street's false representations.

31.     As a direct and proximate result of the misrepresentations, Memorial Hermann has suffered damages, both general and specific.

## FOURTH CAUSE OF ACTION:
## NEGLIGENT MISREPRESENTATION AGAINST STATE STREET

32.     Plaintiff incorporates paragraphs 1-31 of this Petition as if fully set forth herein.

33.     State Street made material misstatements and misrepresentations to Memorial Hermann and to Cambridge in its capacity as Memorial Hermann's agent, and therefore supplied false information as guidance for Memorial Hermann's investment strategy.   Among other things, State Street represented that the funds to be managed under the Agreement of Trust would be invested in low-risk, capital-preserving investments, when in fact they were invested high-risk, long-term mortgage instruments without diversification.

34.     State Street made these statements without exercising reasonable care or competence in obtaining, verifying, or communicating the information.

35.     Memorial Hermann would not have contracted with State Street but for these representations.

36.     Memorial Hermann justifiably relied on State Street's false representations.

37.     As a direct and proximate result of the misrepresentations, Memorial Hermann has suffered damages, both general and specific.

1087.00002/350603.1                                    8

HOUSTON: 0017275.00023: 1215076v1

47.     As a direct and proximate result of the breaches of trust, Memorial Hermann has suffered damages, both general and specific.

**SEVENTH CAUSE OF ACTION:**
**BREACH OF FIDUCIARY DUTY AGAINST CAMBRIDGE**

48.     Plaintiff incorporates paragraphs 1-47 of this Petition as if fully set forth herein.

49.     Cambridge, pursuant to oral representations to Memorial Hermann and pursuant to the agency relationship formed by the Financial Advisory Services Proposal, owed a fiduciary duty to Memorial Hermann.

50.     Cambridge, in failing to discover and/or report to Memorial Hermann that State Street was handling Memorial Hermann's investments in a manner inconsistent with the Investment Objective and other representations made to Memorial Hermann, breached the duties owed to Memorial Hermann as its fiduciary, including but not limited to the duty of complete and undivided loyalty and the duty to disclose the nature and risk of the investments.

51.     As a direct and proximate result of the breaches of fiduciary duty, Memorial Hermann has suffered damages, both general and specific.

**EIGHTH CAUSE OF ACTION: NEGLIGENCE AGAINST CAMBRIDGE**

52.     Plaintiff incorporates paragraphs 1-51 of this Petition as if fully set forth herein.

53.     As stated in oral representations and the Financial Advisory Services Proposal, Cambridge owed a duty of reasonable care to Memorial Hermann.

54.     Cambridge, in failing to discover and/or report to Memorial Hermann that State Street was handling Memorial Hermann's investments in a manner inconsistent with the Investment Objective and other representations made to Memorial Hermann, breached the duty of reasonable care owed to Memorial Hermann. Such breaches constituted negligence.

55.     As a direct and proximate result of the negligent acts of Cambridge, Memorial Hermann has suffered damages, both general and specific.

## DEMAND FOR JURY

56.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUESTS FOR DISCLOSURE

57.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that State Street disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a-i).

58.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Cambridge disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a-i).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MEMORIAL HERMANN HEALTHCARE SYSTEM prays for the following relief:

1.      Rescission of the Agreement of Trust with State Street Bank and Trust Company;

2.      Rescission of Financial Advisory Services Proposal with Cambridge Financial Services, Inc.;

3.      Cancellation of the Agreement of Trust with State Street Bank and Trust Company;

4.      Cancellation of Financial Advisory Services Proposal with Cambridge Financial Services, Inc.;

5.      Disgorgement of all compensation received by Defendants pursuant to their relationship with Plaintiff;

6.  A constructive trust on all compensation received by Defendants pursuant to their relationship with Plaintiff;

7.  All actual damages awarded by the trier of fact;

8.  Pre- and post-judgment interest at the maximum rate allowable by law;

9.  All costs of court;

10. Such other costs, as well as reasonable and necessary attorneys' fees, as are equitable and just;

11. All other and further relief to which Plaintiff may be entitled, in law or in equity.

Respectfully submitted,

By: _____

Charles R. Parker
State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas 77002-3095
(713) 226-1469
(713) 229-2632 (Fax)

BECK, REDDEN & SECREST, LLP
Russell S. Post
State Bar No. 00797258
Geoff A. Gannaway
State Bar No. 24036617
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
(713) 951-3700
(713) 951-3720 (Fax)

**ATTORNEYS FOR PLAINTIFF
MEMORIAL HERMANN
HEALTHCARE SYSTEM**

LOCKE LORD BISSELL & LIDDELL LLP A LIMITED LIABILITY PARTNERSHIP

DATE: 11-06-07   PAYEE: DISTRICT CLERK, HARRIS COUNTY.

Chase Bank Acct # 06300027177
VENDOR #: 2180   CHECK #: 130458

| VOUCHER # | INVOICE # | INV. DATE | AMOUNT | DESCRIPTION | AMT. PAID |
|-----------|-----------|-----------|--------|-------------|-----------|
| 659080 | 110507 | 11-05-07 | 263.00 | | 263.00 |
| | | | | | |
| | | | TOTAL | | 263.00 |

2007 - 67934

**LOCKE LORD BISSELL & LIDDELL LLP**
A LIMITED LIABILITY PARTNERSHIP
600 TRAVIS STREET, SUITE 3400
HOUSTON, TEXAS 77002

Chase Bank of Texas, N.A.
San Angelo, Texas
88-36/1113

CHECK NO.   130458

DATE:   11-05-07

**TWO HUNDRED SIXTY-THREE AND 00/100 DOLLARS**

AMOUNT OF CHECK
$263.00*******

PAY TO THE ORDER OF

DISTRICT CLERK, HARRIS COUNTY.
PO BOX 4651
HOUSTON, TX 77210

LOCKE LORD BISSELL & LIDDELL LLP

Second Signature Required on Checks Over $500.00

⑈130458⑈   ⑆111300880⑆   ⑆06300027177⑈

2007 NOV -5 PM 4: 14

BY _____ DEPUTY

Exhibit B

**Weiss, Stuart A.**

---

**From:** Parker, Charles [mailto:CParker@lockelord.com]
**Sent:** Monday, November 05, 2007 4:22 PM
**To:** Gowen, George M.
**Cc:** Geoff Gannaway; Duco, Bernard
**Subject:** FW: Memorial Hermann Original Petition

George, attached is Plaintiff"s Original Petition which will be filed today. Please let me know if you can accept service for your client. Charlie

**Charles R. Parker**
Locke Lord Bissell & Liddell LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
(713) 226-1469
Fax:  (713) 229-2632
cparker@lockelord.com

IRS Circular 230 Disclosure:  United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

IMPORTANT/CONFIDENTIAL: This message from the law firm of Locke Lord Bissell & Liddell LLP is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

---

**From:** Schneider, Sylvia
**Sent:** Monday, November 05, 2007 3:13 PM
**To:** Parker, Charles
**Subject:** Memorial Hermann Original Petition

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MEMORIAL HERMANN<br>HEALTHCARE SYSTEM, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| STATE STREET BANK AND TRUST | : | |
| COMPANY; STATE STREET GLOBAL | : | |
| ADVISORS, INC.; and CAMBRIDGE | : | |
| FINANCIAL SERVICES, INC., | : | |
| | : | |
| *Defendants.* | : | |

## STATE STREET BANK AND TRUST
## COMPANY'S NOTICE OF CONSENT TO REMOVAL

Defendant State Street Bank and Trust Company submits this consent to removal under 28 U.S.C. § 1446(b).

1.       Memorial Hermann commenced this action by filing a Complaint in the District Court of Harris County, Texas, on November 5, 2007 against State Street Bank and Trust Company, State Street Global Advisors, Inc, and Cambridge Financial Services, Inc.

2.       State Street Bank and Trust Company first learned of this action on November 14, 2007.

3.       Service of the Complaint upon State Street Bank and Trust Company was attempted by mail during the week of November 26, 2007.

7279838_1.DOC

4.    State Street Bank and Trust Company understands that Cambridge Financial Services, Inc. is filing a Notice of Removal with the United States District Court for the Southern District of Texas.

5.    State Street Bank and Trust Company hereby gives its consent and joins the removal of this civil action from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas.

Dated:  December 3, 2007                      Respectfully submitted

Robert A. Skinner
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Tel: 617-951-7560
Fax: 617-951-7050

*Attorneys for State Street Bank & Trust Company*
*(Pro hac vice application to be submitted)*

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MEMORIAL HERMANN<br>HEALTHCARE SYSTEM,<br><br>   *Plaintiff,*<br><br>    v.<br><br>STATE STREET BANK AND TRUST<br>COMPANY; STATE STREET GLOBAL<br>ADVISORS, INC.; and CAMBRIDGE<br>FINANCIAL SERVICES, INC.,<br><br>   *Defendants.* | :<br>:<br>:<br>:<br>:<br>:  Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### STATE STREET GLOBAL ADVISORS,
### INC.'S NOTICE OF CONSENT TO REMOVAL

Defendant State Street Global Advisors, Inc., submits this consent to removal under 28

U.S.C. § 1446(b).

  1.  Memorial Hermann commenced this action by filing a Complaint in the District

Court of Harris County, Texas, on November 5, 2007 against State Street Bank and Trust

Company, State Street Global Advisors, Inc., and Cambridge Financial Services, Inc.

  2.  State Street Global Advisors, Inc. first learned of this action on November 14,

2007.

  3.  Service of the Complaint upon State Street Global Advisors, Inc. was attempted

by mail during the week of November 26, 2007.

7279838_1.DOC

4.    State Street Global Advisors, Inc. understands that Cambridge Financial Services, Inc. is filing a Notice of Removal with the United States District Court for the Southern District of Texas.

5.    State Street Global Advisors, Inc. hereby gives its consent and joins the removal of this civil action from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas.

Dated:  December 3, 2007                    Respectfully submitted


                                            Robert A. Skinner
                                            ROPES & GRAY LLP
                                            One International Place
                                            Boston, MA 02110
                                            Tel: 617-951-7560
                                            Fax: 617-951-7050

                                            *Attorneys for State Street Global Advisors, Inc.*
                                            *(Pro hac vice application to be submitted)*

Exhibit E

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:**   2 0 0 7 - 6 7 9 3 4   **CURRENT COURT:**  *Ju 7*

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):**
Plaintiff's Original Petition

**FILE DATE OF MOTION:** 11/05/07
Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**
I.   NAME:   State Street Bank and Trust Company
      ADDRESS:   P.O. Box 351, MA03, Boston, MA 02110
      AGENT, (if *applicable*):   Eric P. Hayes

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):
SERVICE BY (*check one*):
     X ATTORNEY PICK-UP                □ CONSTABLE
     □ CIVIL PROCESS SERVER - Authorized Person to Pick-up:
     Phone:
     □ MAIL                                    □ CERTIFIED MAIL
     □ PUBLICATION:
          Type of Publication: □ COURTHOUSE DOOR, or
                                        □ NEWSPAPER OF YOUR CHOICE:

     □ OTHER, *explain:* Please return in the enclosed envelope

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
2.   NAME:   State Street Global Advisors, Inc.
      ADDRESS:   State Street Financial Center, One Lincoln Street, Boston, MA 02111-2900
      AGENT, (if *applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):
SERVICE BY (*check one*):
     X ATTORNEY PICK-UP                □ CONSTABLE
     □ CIVIL PROCESS SERVER - Authorized Person to Pick-up:
     Phone:
     □ MAIL                                    □ CERTIFIED MAIL
     □ PUBLICATION:
          Type of Publication: □ COURTHOUSE DOOR, or
                                        □ NEWSPAPER OF YOUR CHOICE:
     □ OTHER, *explain:* Please return in the enclosed envelope

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
NAME: Charles Parker            TEXAS BAR NO/ID NO. 15479500
MAILING ADDRESS: LOCKE LORD BISSELL & LIDDELL LLP, 600 Travis, Suite 3400, Houston,
            Texas 77002
PHONE:  713-226-1469
FAX NUMBER: 713- 229-2632

# CIVIL PROCESS REQUEST

## FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
## FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:**  **2 0 0 7 - 6 7 9 3 4**    **CURRENT COURT:** *269*

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):**
Plaintiff's Original Petition

**FILE DATE OF MOTION:** _____
Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**
1.  NAME:          Cambridge Financial Services, Inc.
    ADDRESS:     83 Mason Street, Greenwich, Connecticut 06830
    AGENT, (if *applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):
SERVICE BY (*check one*):
    *X* ATTORNEY PICK-UP              □ CONSTABLE
    □ CIVIL PROCESS SERVER - Authorized Person to Pick-up:
    Phone:
    □ MAIL                                  □ CERTIFIED MAIL
    □ PUBLICATION:
        Type of Publication: □ COURTHOUSE DOOR, or
                □ NEWSPAPER OF YOUR CHOICE:

    □ **OTHER,** *explain:* **Please return in the enclosed envelope**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME:
    ADDRESS:
    AGENT, (if *applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):
SERVICE BY (*check one*):
    *X* ATTORNEY PICK-UP              □ CONSTABLE
    □ CIVIL PROCESS SERVER - Authorized Person to Pick-up:
    Phone:
    □ MAIL                                  □ CERTIFIED MAIL
    □ PUBLICATION:
        Type of Publication: □ COURTHOUSE DOOR, or
                □ NEWSPAPER OF YOUR CHOICE:
    □ **OTHER,** *explain:* **Please return in the enclosed envelope**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Charles Parker              TEXAS BAR NO/ID NO. 15479500
MAILING ADDRESS: LOCKE LORD BISSELL & LIDDELL LLP, 600 Travis, Suite 3400, Houston,
                Texas 77002
PHONE:  713-226-1469
FAX NUMBER: 713- 229-2632

CAUSE NO. 200767934

| | | |
|---|---|---|
| RECEIPT NO. 346720 | 0.00 | ATY |
| 11-05-2007 | | TR # 72241011 |

LAINTIFF: MEMORIAL HERMANN HEALTHCARE SYSTEM

    vs.

EFENDANT: STATE STREET BANK AND TRUST COMPANY

In The 269th
Judicial District Court
of Harris County, Texas
269TH DISTRICT COURT
Houston, TX

CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT)

HE STATE OF TEXAS

ounty of Harris

): CAMBRIDGE FINANCIAL SERVICES INC (CONNECTICUT CORPORATION) BY SERVING
   THROUGH THE TEXAS SECRETARY OF STATE P O BOX 12079 AUSTIN TEXAS 78711
   FORWARD TO: ITS PRESIDENT OR VICE-PRESIDENT AT ITS HOME OFFICE
   83 MASON STREET   GREENWICH CT 06830

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

his instrument was filed on the 5th day of November, 2007, in the above cited cause number
d court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a
itten answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
xt following the expiration of 20 days after you were served this citation and petition,
default judgment may be taken against you.

OFFICER SERVING:

   This citation was issued on 6th day of November, 2007, under my hand and
al of said Court.

ssued at request of:
RKER, CHARLES R.
0 TRAVIS STE 3400
USTON, TX 77002
l: (713) 226-1258
r No.: 15479500

THERESA CHANG, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: CHAMBERS, WANDA RENE   ULW/6CN/8000284

OFFICER/AUTHORIZED PERSON RETURN

Received on the _____ day of _____, _____, at _____ o'clock _____ .M., and

ecuted the same in _____ County, Texas, on the ____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____

   by delivering to _____

corporation < 
   by leaving in the principal office during office hours

   _____ of the said _____

true copy of this notice, together with accompanying copy of

rving _____ copy _____ $ _____

RECEIVED
SECRETARY OF STATE

NOV 08 2007

11:00 AM
CITATIONS UNIT

142765 — 3

By _____

Affiant                          Deputy

this day, _____, known to me to be the person whose
gnature appears on the foregoing return, personally appeared . After being by me duly sworn,
/she stated that this citation was executed by him/her in the exact manner recited on the
turn.

ORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

HJNT.SCCNJ

*72241011*

# Exhibit F

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

## I. (a) PLAINTIFFS
Memorial Hermann HealthCare System

## DEFENDANTS
State Street Bank and Trust Company; State Street Global Advisors, Inc., and Cambridge Financial Services, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Harris, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Sulfolk, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Charles Parker, Locke Lord Bissell & Liddell LLP, 600 Travis, Suite 3400, Houston, TX 77002-3095 - 713-226-1469; Russell S. Post, Beck Redden & Secrest LLP, 1221 McKinney Street, Suite 4500, Houston, TX 77010 - 713-951-3700

ATTORNEYS (If Known)
Robert A. Skinner, Ropes & Gray LLP, One International Place, Boston, MA 02110 - 617- 951-7650 (State Street entities); Larkin Eakin, Cozen O'Connor, One Houston Center, 1221 McKinney Street, Houston TX 77010 - 832-214-3900 (Cambridge)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
alleged breach of contract, fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, and negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000.00; recission
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY
(See instructions):
JUDGE NONE
DOCKET NUMBER NONE

DATE
December 3, 2007

SIGNATURE OF ATTORNEY OF RECORD
Attorney for Cambridge Financial Services, Inc.

## FOR OFFICE USE ONLY

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
    Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.