UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HEALTHCARE SYSTEM,<br><br>Plaintiff,<br>vs.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL ADVISORS, INC., and CAMBRIDGE FINANCIAL SERVICES, Inc.,<br><br>Defendants. | Civil Case No. 07-04089 |

### DEFENDANTS STATE STREET BANK AND TRUST COMPANY AND STATE STREET GLOBAL ADVISOR INC.'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global Advisors, Inc. ("SSgA" and collectively with SSBT, "State Street") for their Answer to Plaintiff's Original Petition ("Complaint"), hereby state as follows:

1. Paragraph numbered 1 contains no factual allegations and therefore no answer is required except that State Street notes that this action has been removed to the Federal District Court for the Southern District of Texas, and therefore discovery will be conducted under the Federal Rules of Civil Procedure and the state rule cited is not applicable.

### PARTIES

2. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 2.

3. Admitted, except as to the allegation as to the amount of $1.9 trillion of assets under management and the allegation that service was completed pursuant to TEX. PROBATE CODE § 105A(b), which are denied.

4. State Street admits that SSgA is a wholly-owned subsidiary of State Street Corporation and is a Delaware corporation, but denies that SSgA's principal place of business is in Boston, Massachusetts and denies that SSgA has described itself as "a division" of SSBT or as the "investment arm" of State Street Corporation. State Street further states that State Street Global Advisors, the investment management division of SSBT, is distinct from SSgA, and is a division of SSBT, not a separate corporate entity.

5. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 5.

## JURISDICTION AND VENUE

6. Paragraph numbered 6 contains no factual allegations and therefore no answer is required, except that State Street notes that this action has been removed to the Federal District Court for the Southern District of Texas, and therefore jurisdiction and venue are governed by 28 U.S.C. §§ 1332 and 1441, and by the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

7. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 7.

8. State Street admits that in or about January of 2005, Memorial Hermann entered into an Agreement of Trust with SSBT, pursuant to which SSBT served as Trustee of approximately $74.8 million of Plaintiff's assets, which were in the System Operating Funds account. State Street further states that in September of 2005, Memorial Hermann entered into an Agreement of Trust with SSBT,

pursuant to which SSBT served as Trustee of approximately $17.1 million of Plaintiff's assets, which were in the Health Professionals Insurance Company, Ltd. ("HePIC") account. State Street further admits the initial and additional numbers of shares purchased for the System Operating Funds as listed in the Complaint. State Street is without knowledge or information sufficient to form a belief as to whether Memorial Hermann acted upon the advice of Cambridge.

9. State Street admits the number of shares acquired for the HePIC account as listed in paragraph numbered 9 of the Complaint, except that it states that the number of shares acquired for the HePIC account in March 2006 was 88,691.245, not 88,842.567.

10. State Street states that the Agreement of Trust is written and therefore speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 10.

11. Admitted.

12. Denied, except that State Street admits that only institutional investors and other funds were invested in the Limited Duration Bond Fund.

13. Admitted, but State Street further states that between August 21, 2007 and September 26, 2007, the State Street Limited Duration Bond Fund increased 27% in value.

14. Denied.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AGAINST STATE STREET

15. State Street incorporates by reference its answers to paragraphs numbered 1-14 of the Complaint as if fully set forth herein.

16. Admitted that State Street entered into an Agreement of Trust with Memorial Hermann in or about January 2005, which is written and therefore speaks for itself, and further states that the second sentence of paragraph numbered 16 constitutes a legal conclusion as to which no answer is required.

17. Denied.

18. The allegations in paragraph numbered 18 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

19. The allegations in paragraph numbered 19 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT AGAINST CAMBRIDGE

20. State Street incorporates by reference its answers to paragraphs numbered 1-19 of the Complaint as if fully set forth herein.

21-25. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs numbered 21-25.

## THIRD CAUSE OF ACTION:
## FRAUD AND FRAUDULENT INDUCEMENT AGAINST STATE STREET

26. State Street incorporates by reference its answers to paragraphs numbered 1-25 of the Complaint as if fully set forth herein.

27. State Street states that the quoted language in paragraph numbered 27 comes from a written document that speaks for itself, and further states that the allegations in paragraph numbered 27 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## FOURTH CAUSE OF ACTION:
## NEGLIGENT MISREPRESENTATION AGAINST STATE STREET

32.     State Street incorporates by reference its answers to paragraphs numbered 1-31 of the Complaint as if fully set forth herein.

33.     The allegations in paragraph numbered 33 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## FIFTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY AGAINST STATE STREET

38.     State Street incorporates by reference its answers to paragraphs numbered 1-37 of the Complaint as if fully set forth herein.

39.     The allegations in paragraph numbered 39 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

40.     The allegations in paragraph numbered 40 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

41.     The allegations in paragraph numbered 41 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

42.     Denied.

## SIXTH CAUSE OF ACTION:
## BREACH OF TRUST AGAINST STATE STREET

43.     State Street incorporates by reference its answers to paragraphs numbered 1-42 of the Complaint as if fully set forth herein.

44. The allegations in paragraph numbered 44 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

45. The allegations in paragraph numbered 45 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

46. Denied.

47. Denied.

## SEVENTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY AGAINST CAMBRIDGE

48. State Street incorporates by reference its answers to paragraphs numbered 1-47 of the Complaint as if fully set forth herein.

49-51. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 49-51.

## EIGHTH CAUSE OF ACTION:
## NEGLIGENCE AGAINST CAMBRIDGE

52. State Street incorporates by reference its answers to paragraphs numbered 1-51 of the Complaint as if fully set forth herein.

53-55. State Street is without knowledge or information sufficient to form a belief as to the truth of paragraphs numbered 53-55.

## DEMAND FOR JURY

56. No response is required of State Street to the allegations in paragraph numbered 56.

## REQUESTS FOR DISCLOSURE

57. Paragraph numbered 57 contains no factual allegations and therefore no response is required, except that State Street notes that this action has been removed to the Federal District Court for the Southern District of Texas, and therefore disclosure will be governed by the Federal Rules of Civil Procedure.

58. The allegations set forth in paragraph numbered 58 are directed at parties other than State Street and therefore require no response. To the extent the allegations in paragraph numbered 58 require a response, State Street states that this action has been removed to the Federal District Court for the Southern District of Texas, and therefore disclosure will be governed by the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff is not entitled to any of the relief sought from State Street as set forth in the "Prayer for Relief" section of the Complaint.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's own conduct.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the actions or inactions of third parties.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's own negligence.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate damages.

## SEVENTH ADDITIONAL DEFENSE

The tort claims against State Street are barred, in whole or in part, by Plaintiff's contracts with State Street and others.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## NINTH ADDITIONAL DEFENSE

Plaintiff's alleged losses, if any, were the result of forces and events over which State Street had no control or right of control.

## TENTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, by the assumption of risk.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred insofar as they have named the wrong party–State Street Global Advisors, Inc. –as defendant in this action.

Dated: December 21, 2007

Respectfully Submitted,

BAKER & BOTTS

By: /s/ David D. Sterling
    David D. Sterling
    Attorney-in-Charge
    Texas Bar No. 19170000
    Southern District No. 07079
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    David.Sterling@bakerbotts.com
    Tel: 713-229-1946
    Fax: 713-229-7946


By: /s/ Robert A. Skinner
    Harvey J. Wolkoff
    Robert A. Skinner
    Of Counsel
    ROPES & GRAY
    One International Place
    Boston, MA 02110
    Harvey.Wolkoff@ropesgray.com
    Robert.Skinner@ropesgray.com
    Tel: 617-951-7000
    Fax: 617-951-7050

*Attorneys for Defendants*
*State Street Bank and Trust Company*
*and*
*State Street Global Advisors, Inc.*

## **CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that on this 21st day of December, 2007, I caused a true and correct copy of the foregoing Answer of Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. to Plaintiff's Original Petition to be served on all counsel registered as filing users on ECF by electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.1.  I further certify that a true and correct copy of the foregoing Answer will be served on all counsel not registered as filing users by U.S. mail.

                                            /s/ David D. Sterling  
                                            David D. Sterling