IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY; CAMBRIDGE FINANCIAL SERVICES, INC.; and ERNEST A. LIÉBRÉ <br><br> Defendants. | § § § § § § § § § § § § § § § § § § Case No. 07-4089 |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiffs MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. file this Second Amended Complaint against DEFENDANTS STATE STREET BANK AND TRUST COMPANY, CAMBRIDGE FINANCIAL SERVICES, INC., and ERNEST A. LIÉBRÉ and would respectfully show the Court the following:

## PARTIES

1. Plaintiff MEMORIAL HERMANN HEALTHCARE SYSTEM ("Memorial Hermann") is a not-for-profit, community-owned healthcare system with its principal place of business in Houston, Harris County, Texas.

2. Plaintiff THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. ("HePIC") is a Cayman Islands corporation.

1

3.     Defendant STATE STREET BANK AND TRUST COMPANY, which does business under the name "State Street Bank," is a wholly owned subsidiary of State Street Corporation, a publicly registered financial holding company. State Street Bank is organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Boston, Massachusetts. State Street Global Advisors ("SSgA") is the investment management division of State Street Bank. On behalf of State Street Bank, SSgA managed the State Street Limited Duration Bond Fund that is at issue in this case. State Street Bank and Trust Company and SSgA are referred to collectively as "State Street" in this Second Amended Complaint. State Street provides investment servicing and investment management services. As of June 30, 2007, it had $1.9 trillion of assets under management. State Street has already filed an answer in this case, and further service is not necessary.

4.     Defendant CAMBRIDGE FINANCIAL SERVICES, INC. ("Cambridge") is a Connecticut corporation with its principal place of business in Greenwich, Connecticut. Cambridge provides investment advisory services. Cambridge is a foreign corporation that is engaged in business in the State of Texas, but it does not maintain a regular place of business in the State of Texas and does not maintain a designated agent for service of process in the State of Texas. Cambridge has already filed an answer in this case, and further service is not necessary.

5.     Defendant ERNEST A. LIÉBRÉ ("Liébré") is an individual and is the Managing Director of Cambridge Financial Services, Inc. Plaintiff hereby serves the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.044, and asks that the Texas Secretary of State serve Ernest A. Liébré at his usual place of business, located at 83 Mason Street, Greenwich, Connecticut 06830, via certified mail, return receipt requested.

## JURISDICTION AND VENUE

6. This is a civil action arising under state law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1441.

## FACTUAL BACKGROUND

8. In January of 2003, Cambridge contracted to act as Memorial Hermann's agent and to provide certain financial advisory services to Memorial Hermann. Among other things, Cambridge was to monitor Memorial Hermann's investments, as well as to assist with the selection and replacement of fund managers that handled Memorial Hermann's investments. Immediately before the time of contracting, Ernest A. Liébré, the Managing Director of Cambridge, orally represented to Memorial Hermann that he and Cambridge would serve as "co-fiduciaries" of Memorial Hermann's investments. Additionally, on multiple occasions, Liébré advised Memorial Hermann, HePIC, and members of those entities' respective Boards and committees regarding their investments. Those investments are in different accounts covering endowments, pension funds, and operating funds.

9. In January of 2005, Memorial Hermann, upon the advice of Cambridge and Liébré, entered into an "Agreement of Trust." Similarly, in September of 2005, upon the advice of Cambridge and Liébré, HePIC entered into its own "Agreement of Trust." Pursuant to those Agreements, State Street served as Trustee of nearly $91,000,000 of Memorial Hermann's and HePIC's assets. The initial number of shares purchased was 7,067,910.523 for Memorial Hermann's System Operating Funds. Subsequently, Memorial Hermann acquired additional shares for the System Operating Funds as follows:

3

| DATE | ADDITIONAL SHARES |
|---|---|
| March 2005 | 125,799.015 |
| June 2005 | 112,548.590 |
| September 2005 | 125,961.399 |
| December 2005 | 115,841.651 |
| March 2006 | 115,018.665 |
| May 2006 | 444,123.115 |
| June 2006 | 125,551.592 |
| September 2006 | 130,213.603 |
| December 2006 | 132,435.367 |
| March 2007 | 123,804.999 |
| June 2007 | 126,178.916 |
| September 2007 | 631,065.443 |

10. The acquisition of shares for the HePIC account occurred as follows (amounts in parentheses represent the sale of shares):

| DATE | ADDITIONAL SHARES |
|---|---|
| September 2005 | 1,473,052.653 |
| December 2005 | 22,581.552 |
| March 2006 | 88,842.567 |
| May 2006 | 63,436.305 |
| June 2006 | 25,338.785 |
| July 2006 | (722.780) |
| August 2006 | (67,637.340) |
| September 2006 | 24,715.732 |
| November 2006 | 163,019.807 |
| December 2006 | 27,532.554 |
| March 2007 | 25,315.853 |
| June 2007 | 26,800.176 |
| August 2007 | (27,960.126) |
| September 2007 | 132,679.502 |

11. The Agreements of Trust recited a conservative investment objective: "to match or exceed the return of the J.P. Morgan one month U.S. Dollar LIBOR Index." State Street represented to Memorial Hermann, HePIC, and Cambridge in its agency capacity that State Street would make low-risk investments that would preserve Memorial Hermann's and HePIC's capital. Those representations were repeated before and after Memorial Hermann and HePIC

4

invested with State Street, and those representations continued until the investments dropped precipitously.

12.   State Street invested the money it held in trust for Memorial Hermann and HePIC in the State Street Limited Duration Bond Fund.

13.   The State Street Limited Duration Bond Fund (hereinafter "LDBF" or the "Fund") was created in 2002 as a way to generate better results than those of money-market funds with only slightly more risk. The Fund was widely considered an "enhanced cash" product, an investment category usually considered very low risk. It was sold only to institutional clients, not individual investors.

14.   During the first three weeks of August 2007, the Fund lost about 37 percent of its value, and the Fund had fallen 42 percent for the year by August 21, 2007. The Fund has now been liquidated after losing approximately 50% of its value.

15.   These precipitous losses in a short term income fund required to preserve capital were the result of a portfolio composition that was inconsistent with the Fund's stated objectives. The Fund was unjustifiably and recklessly comprised mainly of complex and illiquid instruments structured from non-conforming residential first- and second- mortgages, much of which possessed dubious credit quality. As a result, the Fund's portfolio constituted a one-sided and reckless bet on sub-prime and other non-conforming mortgage credit, as well as the CDO (Collateralized Debt Obligation) and non-Agency CMO (Collateralized Mortgage Obligation) market. These actions by the State Street fund managers were contrary to the Fund's stated "Investment Objectives" requiring preservation of "capital by investing in a diversified portfolio of highly rated fixed income securities." These investments in high-risk, long-term mortgage instruments were made by the State Street fund managers even though the stated objective of this

5

fund called "The Limited Duration Bond Fund" was for short-term, fixed-income investments to be measured by "the returns of the J.P. Morgan one month U.S. Dollar LIBOR Index over trailing one-year periods."

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AGAINST STATE STREET

16. Plaintiffs incorporate paragraphs 1-15 of this Complaint as if fully set forth herein.

17. On or about January 14, 2005, State Street contracted with Memorial Hermann to serve as Trustee of Memorial Hermann funds and to invest with the objective "to match or exceed the return of the J.P. Morgan one month U.S. Dollar LIBOR Index." Execution and delivery of the contract by State Street and Memorial Hermann formed a binding contract.

18. On or about September 12, 2005, State Street contracted with HePIC to serve as Trustee of HePIC funds and to invest with the objective "to match or exceed the return of the J.P. Morgan one month U.S. Dollar LIBOR Index." Execution and delivery of the contract by State Street and HePIC formed a binding contract.

19. By making unjustified investments in high-risk, long-term mortgage instruments without diversification and by using derivatives, State Street breached the terms of the Agreements of Trust.

20. Memorial Hermann and HePIC fully performed their contractual obligations, and all conditions precedent to Memorial Hermann's and HePIC's claim for relief have been performed or have occurred.

21. Memorial Hermann and HePIC have been substantially injured by State Street's breaches of contract. This injury was a natural, probable, and foreseeable consequence of State Street's breaches.

AUSTIN: 0017275.00023: 379352v1

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT AGAINST CAMBRIDGE

22. Plaintiffs incorporate paragraphs 1-21 of this Complaint as if fully set forth herein.

23. On or about January 29, 2003, Cambridge contracted with Memorial Hermann to provide financial advisory services. Execution and delivery of the Financial Advisory Services Proposal by Cambridge and Memorial Hermann formed a binding contract. Cambridge also entered a binding contractual relationship with HePIC to provide financial advisory services.

24. By recommending State Street to manage Memorial Hermann's and HePIC's assets and by failing to discover and inform Memorial Hermann and HePIC that State Street was making unjustified investments in high-risk, long-term mortgage instruments without diversification and using derivatives, Cambridge breached the terms of its agreements with Memorial Hermann and HePIC.

25. Memorial Hermann and HePIC fully performed their contractual obligations, and all conditions precedent to Memorial Hermann's and HePIC's claims for relief have been performed or have occurred.

26. Memorial Hermann and HePIC have been substantially injured by Cambridge's breaches of contract. This injury was a natural, probable, and foreseeable consequence of Cambridge's breaches.

27. Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq.*, Memorial Hermann and HePIC are also entitled to recovery of their reasonable and necessary attorneys' fees.

## THIRD CAUSE OF ACTION:
## FRAUD AND FRAUDULENT INDUCEMENT AGAINST STATE STREET

28. Plaintiffs incorporate paragraphs 1-27 of this Complaint as if fully set forth herein.

29. To induce Memorial Hermann and HePIC to contract with it, State Street made material misstatements and misrepresentations to Memorial Hermann, to HePIC, and to Cambridge in its agency capacity. Among other things, State Street represented that the Investment Objective of the Fund would be "to maximize income while preserving capital by investing in a diversified portfolio of highly rated fixed income securities," when in fact the funds were invested in high-risk, long-term mortgage instruments without diversification, which resulted in substantial losses.

30. State Street made those statements despite the fact that it knew the statements were false when made. Alternatively, State Street made those statements recklessly without any knowledge of the truth of its assertions.

31. Memorial Hermann and HePIC would not have contracted with State Street but for those representations.

32. Memorial Hermann and HePIC justifiably relied on State Street's false representations.

33. As a direct and proximate result of the misrepresentations, Memorial Hermann and HePIC have suffered damages, both general and specific.

### FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION AGAINST STATE STREET

34. Plaintiffs incorporate paragraphs 1-33 of this Complaint as if fully set forth herein.

35. State Street made material misstatements and misrepresentations to Memorial Hermann, to HePIC, and to Cambridge in its agency capacity, and therefore supplied false information as guidance for Memorial Hermann's and HePIC's investment strategy. Among other things, State Street represented that the funds to be managed under the Agreements of Trust

8

would be invested in low-risk, capital-preserving investments, when in fact they were invested high-risk, long-term mortgage instruments without diversification.

36. State Street made those statements without exercising reasonable care or competence in obtaining, verifying, or communicating the information.

37. Memorial Hermann and HePIC would not have contracted with State Street but for those representations.

38. Memorial Hermann and HePIC justifiably relied on State Street's false representations.

39. As a direct and proximate result of the misrepresentations, Memorial Hermann and HePIC have suffered damages, both general and specific.

### FIFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY AGAINST STATE STREET

40. Plaintiffs incorporate paragraphs 1-39 of this Complaint as if fully set forth herein.

41. As the Trustee pursuant to the Agreements of Trust with Memorial Hermann and HePIC, State Street owes a fiduciary duty to Memorial Hermann and to HePIC.

42. State Street, in handling Memorial Hermann's and HePIC's investments in a manner inconsistent with the Investment Objective and other representations made to Memorial Hermann and HePIC, breached its duties owed to Memorial Hermann and HePIC as a fiduciary, including but not limited to the duty of complete and undivided loyalty, failing to disclose the nature and risk of its investments, and failing to act as a prudent investor.

43. The actions of State Street as a fiduciary and Trustee constitute willful default and/or gross negligence of its duties pursuant to the Agreements of Trust.

9

44. As a direct and proximate result of the breaches of fiduciary duty, Memorial Hermann and HePIC have suffered damages, both general and specific.

## SIXTH CAUSE OF ACTION:
## BREACH OF TRUST AGAINST STATE STREET

45. Plaintiffs incorporate paragraphs 1-44 of this Complaint as if fully set forth herein.

46. State Street, in handling Memorial Hermann's and HePIC's investments in a manner inconsistent with the Investment Objective and other representations made to Memorial Hermann and HePIC, breached the trust.

47. The actions of State Street as a fiduciary and Trustee constitute willful default and/or gross negligence of its duties pursuant to the Agreements of Trust.

48. In acting as Trustee, State Street breached the trust by, among other things, failing to act as a prudent investor and by failing to disclose the nature and risk of its investments.

49. As a direct and proximate result of the breaches of trust, Memorial Hermann and HePIC have suffered damages, both general and specific.

## SEVENTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY AGAINST CAMBRIDGE AND LIÉBRÉ

50. Plaintiffs incorporate paragraphs 1-49 of this Complaint as if fully set forth herein.

51. Cambridge and Liébré, pursuant to oral representations to Memorial Hermann and HePIC and pursuant to the agency relationship formed by the contracts between Memorial Hermann and HePIC on one hand, and Cambridge and Liébré on the other, owed a fiduciary duty to Memorial Hermann and HePIC.

10

52. Cambridge and Liébré, in failing to discover and/or report to Memorial Hermann and HePIC that State Street was handling Memorial Hermann's and HePIC's investments in a manner inconsistent with the Investment Objective and other representations made to Memorial Hermann and HePIC, breached the duties owed to Memorial Hermann and HePIC as their fiduciary, including but not limited to the duty of complete and undivided loyalty and the duty to disclose the nature and risk of the investments.

53. As a direct and proximate result of the breaches of fiduciary duty, Memorial Hermann and HePIC have suffered damages, both general and specific.

**EIGHTH CAUSE OF ACTION: NEGLIGENCE AGAINST CAMBRIDGE AND LIÉBRÉ**

54. Plaintiffs incorporate paragraphs 1-53 of this Complaint as if fully set forth herein.

55. As stated in oral representations and the Financial Advisory Services Proposal, Cambridge and Liébré owed a duty of reasonable care to Memorial Hermann and to HePIC.

56. Cambridge and Liébré, in failing to discover and/or report to Memorial Hermann and HePIC that State Street was handling Memorial Hermann's and HePIC's investments in a manner inconsistent with the Investment Objective and other representations made to Memorial Hermann and HePIC, breached the duty of reasonable care owed to Memorial Hermann and HePIC. Such breaches constituted negligence.

57. As a direct and proximate result of the negligent acts of Cambridge and Liébré, Memorial Hermann and HePIC have suffered damages, both general and specific.

**DEMAND FOR JURY**

58. Plaintiffs have demanded a jury trial and tendered the appropriate fee with the Original Petition.

AUSTIN: 0017275.00023: 379352v1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. pray for the following relief:

1. Rescission of the Agreements of Trust with State Street Bank and Trust Company;

2. Rescission of Financial Advisory Services Proposal with Cambridge Financial Services, Inc.;

3. Cancellation of the Agreements of Trust with State Street Bank and Trust Company;

4. Cancellation of Financial Advisory Services Proposal with Cambridge Financial Services, Inc.;

5. Disgorgement of all compensation received by Defendants pursuant to their relationship with Plaintiffs;

6. A constructive trust on all compensation received by Defendants pursuant to their relationship with Plaintiffs;

7. All actual damages awarded by the trier of fact;

8. Pre- and post-judgment interest at the maximum rate allowable by law;

9. All costs of court;

10. Such other costs, as well as reasonable and necessary attorneys' fees, as are equitable and just;

11. All other and further relief to which Plaintiffs may be entitled, in law or in equity.

Respectfully submitted,

By: _____/s/ Charles R. Parker_____
    Charles R. Parker
    CParker@lockelord.com
    Federal I.D. No. 2314
    State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
Telephone:  (713) 226-1469
Facsimile:  (713) 229-2632

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  JNelson@lockelord.com
  State Bar No. 00797144
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

BECK, REDDEN & SECREST, L.L.P.
    Russell S. Post
    rpost@brsfirm.com
    Federal I.D. No. 23206
    State Bar No. 00797258
    Geoff A. Gannaway
    ggannaway@brsfirm.com
    Federal I.D. No. 37039
    State Bar No. 24036617
1221 McKinney Street, Suite 4500
Houston, Texas  77010-2029
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

AUSTIN: 0017275.00023: 379352v1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed on the 14 day of March, 2008. The following attorneys are being served by e-service:

Gene F. Creely, II
Cozen O'Connor
1221 McKinney Street
Houston, TX 77010

George M. Gowen III
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Harvey J. Wolkoff
Ropes & Gray LLP
One International Place
Boston, MA 02110

David D. Sterling
Baker Botts LLP
910 Louisiana
Houston, TX 77002-4995

_____
John R. Nelson