UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY; CAMBRIDGE FINANCIAL SERVICES, INC.; and ERNEST A. LIÉBRÉ, <br><br> Defendants. | Civil Case No. 07-04089 |

## DEFENDANT STATE STREET BANK AND TRUST COMPANY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant State Street Bank and Trust Company ("State Street") for its Answer to Plaintiffs' Second Amended Complaint (the "Complaint") hereby states as follows:

### PARTIES

1. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 1.

2. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 2.

3. State Street says that as of June 30, 2007, SSgA had $1.9 trillion of assets under management. As to the remaining allegations of paragraph numbered 3, admitted, except as to the allegation that service is not necessary, which is a legal conclusion to which no answer is required.

4. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 4.

5. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 5.

## JURISDICTION AND VENUE

6. Paragraph numbered 6 contains no factual allegations and therefore no answer is required.

7. Paragraph numbered 7 contains no factual allegations and therefore no answer is required.

## FACTUAL BACKGROUND

8. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 8.

9. Admitted that in or about January of 2005, Memorial Hermann Healthcare System ("Memorial Hermann") entered into an Agreement of Trust; that in or about September of 2005, the Health Professionals Insurance Company, Ltd. ("HePIC") entered into an Agreement of Trust; and that pursuant to those agreements, State Street served as trustee of approximately $91,000,000 of Memorial Hermann's and HePIC's assets. State Street further admits the number of shares acquired by Memorial Hermann for the System Operating Funds as set forth in paragraph numbered 9. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegation that Memorial Hermann acted upon the advice of Cambridge or Mr. Liébré.

10. State Street admits the number of shares acquired by HePIC as set forth in paragraph numbered 10, except as to the number of shares acquired in March 2006, which is

denied. State Street says that the number of shares acquired by HePIC in March 2006, was 88,691.245, not 88,842,567.

11. State Street says that the Agreements of Trust are written and therefore speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 11.

12. Admitted.

13. Denied, except that State Street admits that only institutional investors and other funds were invested in the Limited Duration Bond Fund.

14. State Street admits the first sentence of paragraph numbered 14, but further says that the allegations in paragraph numbered 14 are based upon a selective timeframe and says further that, for example, the Limited Duration Bond Fund increased 27% in value between August 21, 2007 and September 26, 2007. As to the second sentence of paragraph numbered 14, State Street admits that the Fund has now been liquidated, but objects to the allegation that the Fund lost 50% in value because it is vague as to timeframe.

15. Denied.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT AGAINST STATE STREET**

16. State Street incorporates by reference its answers to paragraphs numbered 1-15 of the Complaint as if fully set forth herein.

17. State Street admits that it entered into an Agreement of Trust with Memorial Hermann in or about January 2005, which is written and therefore speaks for itself, and further says that the second sentence of paragraph numbered 17 constitutes a legal conclusion to which no answer is required.

18. State Street admits that it entered into an Agreement of Trust with HePIC in or about September 2005, which is written and therefore speaks for itself, and further says that the

second sentence of paragraph numbered 18 constitutes a legal conclusion to which no answer is required.

19. Denied.

20. The allegations in paragraph numbered 20 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

21. The allegations in paragraph numbered 21 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT AGAINST CAMBRIDGE

22. State Street incorporates by reference its answers to paragraphs numbered 1-21 of the Complaint as it fully set forth herein.

23-27. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 23-27.

### THIRD CAUSE OF ACTION: FRAUD AND FRAUDULENT INDUCEMENT AGAINST STATE STREET

28. State Street incorporates by reference its answers to paragraphs numbered 1-27 of the Complaint as it fully set forth herein.

29. State Street says that the quoted language in paragraph numbered 29 comes from a written document that speaks for itself, and further states that the allegations in paragraph numbered 29 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## FOURTH CAUSE OF ACTION:
## NEGLIGENT MISREPRESENTATION AGAINST STATE STREET

34. State Street incorporates by reference its answers to paragraphs numbered 1-33 of the Complaint as it fully set forth herein.

35. The allegations in paragraph numbered 35 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## FIFTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY AGAINST STATE STREET

40. State Street incorporates by reference its answers to paragraphs numbered 1-39 of the Complaint as it fully set forth herein.

41. The allegations in paragraph numbered 41 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

42. The allegations in paragraph numbered 42 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

43. The allegations in paragraph numbered 43 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

44. Denied.

## SIXTH CAUSE OF ACTION: BREACH OF TRUST AGAINST STATE STREET

45. State Street incorporates by reference its answers to paragraphs numbered 1-44 of the Complaint as it fully set forth herein.

46. The allegations in paragraph numbered 46 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

47. The allegations in paragraph numbered 47 constitute legal conclusions to which no answer is required, but to the extent an answer is required, denied.

48. Denied.

49. Denied.

## SEVENTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY AGAINST CAMBRIDGE

50. State Street incorporates by reference its answers to paragraphs numbered 1-49 of the Complaint as it fully set forth herein.

51-53. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 51-53.

## EIGHTH CAUSE OF ACTION: NEGLIGENCE AGAINST CAMBRIDGE

54. State Street incorporates by reference its answers to paragraphs numbered 1-53 of the Complaint as it fully set forth herein.

55-57. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 55-57.

## DEMAND FOR JURY

58. No response is required of State Street to the allegations in paragraph numbered 58.

## PRAYER FOR RELIEF

Plaintiffs are not entitled to any of the relief sought from State Street as set forth in the "Prayer for Relief" section of the Complaint.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by plaintiffs' own conduct.

## THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the actions or inactions of third parties.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by plaintiffs' own negligence.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to mitigate damages.

## SEVENTH ADDITIONAL DEFENSE

The tort claims against State Street are barred, in whole or in part, by plaintiffs' contracts with State Street and others.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' alleged losses, if any, were the result of forces and events over which State Street had no control or right of control.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the assumption of risk.

Dated: March 28, 2008

Respectfully submitted,

BAKER BOTTS L.L.P.

By: /s/ David D. Sterling
    David D. Sterling
    Attorney-in-Charge
    Texas Bar No. 19170000
    Southern District No. 07079
    Elizabeth Myers
    Texas Bar No. 24047767
    Southern District No. 611670
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    David.Sterling@bakerbotts.com
    Elizabeth.Myers@bakerbotts.com
    Tel: 713-229-1946
    Fax: 713-229-7946

*Attorneys for Defendant State Street Bank and Trust Company*

*Of Counsel*:
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Harvey.Wolkoff@ropesgray.com
Robert.Skinner@ropesgray.com
Olivia.Choe@ropesgray.com
Tel: 617-951-7000
Fax: 617-951-7050

- 9 -

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that on this 28th day of March, 2008, a true and correct copy of the foregoing Defendant State Street Bank and Trust Company's Answer to Plaintiffs' Second Amended Complaint has been filed electronically using the Court's Electronic Case Filing System and, therefore, has been served upon all counsel who are Filing Users pursuant to Fed. R. Civ. P. 5(b)(3), Local Rule 5.1, and the Court's Procedures for Electronic Case Filing (No. 9).  A copy of the foregoing Defendant State Street Bank and Trust Company's Answer to Plaintiffs' Second Amended Complaint has also been served by U.S. mail upon the following:

    Russell Stanley Post
    BECK REDDEN & SECREST, LLP
    One Houston Center
    1221 McKinney Street, Suite 4500
    Houston, TX  77010-2010

                                               /s/ David D. Sterling
                                               David D. Sterling